Jessica R. K. Dorman, Esq. (SBN: 279919)
jessica@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Office Number:              (619) 233-7770
Office Fax Number:          (619) 297-1022

Attorneys for Susan Lindberg

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Susan Lindberg,<br><br>           Plaintiff,<br><br>v.<br><br>General Motors Financial Company, Inc. D/B/A GM Financial and Able Auto Adjusters, Inc. | Case No: '16CV2988 DMS AGS<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Susan Lindberg, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of General Motors Financial Company, Inc. D/B/A GM Financial ("GM") and Able Auto Adjusters, Inc., ("Able Auto")(collectively "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such specific violation.

8. All violations alleged regarding the FDCPA are material violations of the FDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

9. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

12. GM operates within the county of San Diego to sell and finance vehicles, as well as collect on related debts, including from Plaintiff. These collection actions are the actions that give rise to Plaintiff's claim.

13. Able Auto operates within the county of San Diego as a full service agency, providing skip-tracing, investigative, and asset recover services. to sell and finance vehicles, as well as collect on related debts, including from Plaintiff. These collection actions are the actions that give rise to Plaintiff's claim.

14. Because Defendants do business and have the capacity to sue within the State of California, personal jurisdiction is established and venue is proper pursuant to 28 U.S.C. § 1391(b)(1) & (c)(2).

15. A substantial part of the events or omissions giving rise to the claim occurred in San Diego, California against Plaintiff who resides in San Diego, California, and therefore venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

16. At all times relevant, Defendant conducted business within the County of San Diego, the State of California.

**PARTIES**

17. Plaintiff is a natural person who resides in the City of San Diego, State of California.

18. Defendant GM is located in the City of Fort Worth, in the State of Texas.

19. Defendant Able Auto is located in the City of Hawthorne, in the State of California

20. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

21. Defendant Able Auto is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

22. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

23. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

24. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

///

**FACTUAL ALLEGATIONS**

25. Plaintiff is a senior citizen.

26. During all relevant times referenced in this complaint, Defendant knew or should have known that Plaintiff was a senior citizen consistent with the definition provided in Cal.Civ.Code §1761(f).

27. Because this case has been filed to redress unfair or deceptive acts or practices or unfair methods of competition on the part of Defendant, in the event Defendant is found liable for their conduct or omissions, each Defendant is liable for treble damages pursuant to Cal Civ Code § 3345.

28. Sometime before August of 2016, Plaintiff is alleged to have incurred certain financial obligations related to a auto loan secured by her 2015 Mitsubishi Mirage.

29. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

30. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

31. Sometime thereafter, but before August 17, 2016, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. As it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this alleged debt.

32. On August 17, 2016, Plaintiff spoke with a representative at GM who authorized a deferment of her monthly payments, and followed up with a written Deferment Agreement.

33. Pursuant to this Deferment Agreement, Plaintiff was required to pay a total of $720.66 by August 30, 2016 in order to defer her August and September payments.

34. Plaintiff agreed to this arrangement, and returned the signed agreement to GM.

35. Plaintiff paid GM a total of $740.66 in two equal payments of $370.33 on August 18, 2016 and August 30, 2016 through ACH debit transactions initiated by GM.

36. Pursuant to the agreement, Plaintiff's next payment was not due until October 11, 2016.

37. Nonetheless, subsequently, but before September 24, 2016, the alleged debt was assigned, placed, or otherwise transferred, to Able Auto for collection.

38. On or about September 24, 2016, Able Auto, at the instruction of and on behalf of GM, repossessed Plaintiff's vehicle from her home.

39. Through this conduct, Defendant took or threatened to take any nonjudicial action to effect dispossession or disablement of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest. Consequently, Defendant violated 15 U.S.C. § 1692f(6)(A).

40. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

41. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

42. Through this conduct, Defendant threatened that nonpayment of the alleged debt might result in the arrest of Plaintiff or the seizure, garnishment,

attachment or sale of any property or the garnishment or attachment of wages of the debtor, when such action was not in fact contemplated by Defendant or permitted by the law. Consequently, Defendant violated Cal. Civ. Code § 1788.10(e).

43. Due to Defendants' actions, Plaintiff has suffered actual damages in the form of mental anguish type damages which manifested in several symptoms including but not limited to: stress, anxiety, sleeplessness, nervousness, restlessness, irritability, frustration, and anger all impacting her work and personal relationships.

44. Specifically, Plaintiff was required to share her embarrassing situation with a neighbor who helped Plaintiff get to work.

45. Plaintiff was embarrassed and ashamed to have to tell a friend that her car was repossessed, particularly since Plaintiff had taken action to prevent that specific action.

46. As a result of not having her vehicle, Plaintiff was forced to move out of her apartment and in with her adult son and family.

47. In order to move, Plaintiff terminated her lease early and incurred charges and costs related to the early termination and move-out.

48. Furthermore, with the derogatory history of having her vehicle repossessed, Plaintiff is unable to obtain another vehicle and is only able to get to and from work through the generosity of her family, who has provided her with a vehicle to use temporarily.

*Vicarious Liability*

49. At all relevant times, Able Auto was an authorized agent of GM.

50. At all relevant times, the actions taken by Able Auto were in the scope of the agency relationship and in furtherance of GM's interest and therefore are imputed upon GM.

51. Because prior to these above described debt collection activities occurring, GM had retained Able Auto as GM's representative for the sole purpose of collecting GM's debts, and because Able Auto was GM's representative at the time the above described debt collection activities took place, and even continues to be GM's representative today, and because the above described debt collection activities, acts and omissions of Able Auto were conducted by Able Auto at the direction and control of GM, Able Auto's activities, acts and omissions are imputed on GM under the common law doctrine of agency, that is, respondeat superior, generally, and vicarious liability, specifically. Consequently, any liability of Able Auto is also the liability of GM, as Able Auto was attempting to collect debts for GM and acting at the direction and control of GM, when those illegal activities, acts and omissions occurred.

52. Due to Defendants' actions, Plaintiff has suffered actual damages in the form of mental anguish type damages which manifested in several symptoms including but not limited to: stress, anxiety, sleeplessness, nervousness, restlessness, irritability, frustration, and anger all impacting their work and personal relationships.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

### [ABLE AUTO ADJUSTERS, INC. ONLY]

53. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

54. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

55. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

**COUNT II**

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)**

**CAL. CIV. CODE §§ 1788-1788.32**

**[BOTH DEFENDANTS]**

56. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

57. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

58. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).
- Treble damages pursuant to Cal. Civ. Code § 3345.

59. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: December 6, 2016                  By: /s/Jessica R. K. Dorman
                                            Jessica R. K. Dorman
                                            Attorneys for Plaintiff